**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 7 BANKRUPTCY** |
| **JOHN E. GOETZ, JR.,** | |
| **Debtor.** | **CASE NO.  18-80974** |
| **BERNARD J. NATALE, TRUSTEE FOR THE ESTATE OF JOHN E. GOETZ, JR.,** | **ADVERSARY CASE NO.:** _____ |
| **Plaintiff** | |
| **vs.** | |
| **AFFIRM, INC., and CROSS RIVER BANK,** | |
| **Defendants** | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547 AND 550**

**NOW COMES** the Plaintiff, BERNARD J. NATALE, the duly appointed Chapter 7

Bankruptcy Trustee in the within bankruptcy proceeding ("Trustee") by and through his attorney,

Craig A. Willette, who in support of his Complaint to Avoid and Recover Transfers against Affirm,

Inc. ("Affirm") and Cross River Bank ("Cross River") Defendants, states as follows:

**NATURE OF THE CASE**

1.     This action is commenced pursuant to §§ 547 and 550 of Chapter 7 of Title 11 of the

United States Code ("Bankruptcy Code") to avoid and recover from the Defendants, or from any

other person or entity for whose benefit the transfers were made, certain financial transfers made by

the Debtor on or about February 23, 2018, and March 7, 2018, totaling, approximately, $8,973.72.

Said transfers were made within 90 days of the filing of the Debtor's Chapter 7 Bankruptcy petition

herein.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction of this adversary proceeding, which arises and relates to a case under Title 11 pending United States Bankruptcy Court for the Northern District of Illinois, Western Division (the "Court") captioned *In re John E. Goetz, Jr.*, Case No. 18-80974 (the "bankruptcy case") pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5.      The statutory and legal predicates for the relief sought herein are Bankruptcy Code §§ 547, 550, and 551 and Rule 7001, *et seq*., of the Federal Rules of Bankruptcy Procedure.

6.      By the filing of the within adversary Complaint, the Trustee consents to the entry of a final order of judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders of judgments consistent with Article III of the United States Constitution.

**PROCEDURAL BACKGROUND**

7.      On April 30, 2018 (the "petition date") John E. Goetz, Jr. (hereinafter "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with the Court thereby commencing the within bankruptcy case.

**THE PARTIES AND FACTUAL BACKGROUND**

8.      The Trustee is and has been, at all times relevant hereto, the duly appointed Chapter 7 Bankruptcy Trustee in the within bankruptcy case.

9.      To the best of the Trustee's knowledge and belief Affirm is a California corporation doing business within the State of Illinois.  Affirm is engaged in the business of, *inter alia*, extending

2

closed-end installment loans to individuals such as the Debtor.  The Trustee's knowledge and belief

is premised upon, *inter alia*, the description of Affirm, Inc., printed from the Bloomberg.com

website, a copy of which is attached hereto and labeled as Exhibit A.

       10.     To the best of the Trustee's knowledge the loans extended by Affirm are actually

made by Cross River Bank, a New Jersey State Chartered Commercial Bank.  The Trustee's

knowledge and belief is based upon, *inter alia*, the disclosures made in the Affirm website, a copy

of which is attached hereto and labeled Exhibit B (see page 3 of 3).

       11.     To the best of the Trustee's knowledge and belief prior to November, 2017, Affirm

and/or Cross River extended an unsecured loan to the Debtor in an amount totaling, approximately,

$13,000.00.  The Trustee's knowledge and belief is based upon, *inter alia*, the loan payment

summary forwarded by Affirm to the Debtor dated March 15, 2018, a copy of which is attached

hereto and labeled as Exhibit C.

       12.     To the best of the Trustee's knowledge and belief based upon, *inter alia*, the above-

mentioned payment summary, the Debtor made two payments to Affirm and/or Cross River within

the 90-day preference period as contemplated by 11 U.S.C. § 547, i.e., a payment in the amount of

$2,000.00 made on or about February 23, 2018, and a payment in the amount of $6,973.72 made on

or about March 7, 2018.

       13.     To the best of the Trustee's knowledge and belief, the above-mentioned payments

were made before they were due and resulted in the Debtor's indebtedness to Affirm to be paid in

full.  The Trustee's knowledge and belief is based upon the statements made in the above-mentioned

loan payment summary attached hereto as Exhibit C which include, "Congratulations! Last payment

received.  Your loan is all squared away, John. . . .You also saved $637.57 on interest by paying

early...nice job! . . . – the Affirm team".

## FIRST CLAIM FOR RELIEF
## AFFIRM, INC.
**Avoidance and Recovery of Preferential Transfer – 11 U.S.C. §§ 547(b), 550 and 551**

1-13.   The Trustee realleges and incorporates all of the previous allegations as though fully

set forth herein.

14.     Affirm's receipt of the above-mentioned payments constitute transfers as

contemplated by 11 U.S.C. § 547(b).

15.     Said transfers were made to or for the benefit of Affirm who was a creditor of the

Debtor as contemplated by 11 U.S.C. § 547(b)(1).

16.     Said transfers were made for or on account of an antecedent debt owed by the Debtor

to Affirm before such transfer was made as contemplated by 11 U.S.C. § 547(b)(2).

17.     Said transfers were made while the Debtor was insolvent as contemplated by 11

U.S.C. § 547(b)(3).

18.     The Trustee is entitled to the presumption of insolvency for and in connection with

said transfer pursuant to 11 U.S.C. § 547(f) of the Bankruptcy Code.

19.     Said transfers were made on or within 90 days before the date of the filing of the

Debtor's bankruptcy petition herein as contemplated by 11 U.S.C. § 547(b)(4)(A).

20.     Said transfers enabled Affirm to receive more than Affirm would receive if, the case

were a case under Chapter 7 of the Bankruptcy Code, the transfers had not been made and Affirm

received payment of such debt to the extent provided by the provisions of the Bankruptcy Code as

contemplated by 11 U.S.C. § 547(b)(5).

21.     Affirm was the initial transferee of the above-mentioned transfers or the immediate

or mediate transferee of such initial transfer or the person for whose benefit the transfers were made.

WHEREFORE, Trustee Bernard J. Natale respectfully prays as follows:

A.     That this Court enter an Order avoiding the transfers under 11 U.S.C. §

547(b) of the Bankruptcy Code;

B.     For such other and further relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## AFFIRM, INC.
### Recovery of Avoided Transfer – 11 U.S.C. § 550

1-21.   The Trustee hereby incorporates all of the previous allegations as though fully set

forth herein.

22.     Affirm was the initial transferee of the transfers referenced in the preceding count of

the within complaint.

23.     Alternatively, Affirm was the entity for whose benefit such transfers were made as

contemplated by 11 U.S.C. § 550(a)(1).

24.     Alternatively, Affirm was an immediate or mediate transferee of the above-mentioned

transfers as contemplated by 11 U.S.C. § 550(a)(2).

25.     Pursuant to the provisions of 11 U.S.C. § 550(a), the Trustee may recover for the

benefit of the bankruptcy estate the property transferred or, if the Court so orders, the value of such

property from the Defendant.

WHEREFORE, Trustee Bernard J. Natale respectfully prays as follows:

A.     That this Court enter an Order against Affirm, Inc., declaring that the

bankruptcy Trustee may recover the above-mentioned transfers as avoidable

transfers from the Debtor;

B.     That this Court enter an Order requiring the Defendant Affirm, Inc., to

transfer to the Trustee the above-mentioned transfers;

C.     That, alternatively, this Court enter a monetary judgment against Affirm, Inc.,

the precise amount to be proved at trial;

D.     For such other and further relief as the Court deems just and equitable.

**THIRD CLAIM FOR RELIEF**
**CROSS RIVER BANK**
**Avoidance and Recovery of Preferential Transfer – 11 U.S.C. §§ 547(b), 550 and 551**

1-13.   The Trustee realleges and incorporates Paragraphs 1-13 of the previous allegations

as though fully set forth herein.

14.     Cross River's receipt of the above-mentioned payments constitute transfers as

contemplated by 11 U.S.C. § 547(b).

15.     Said transfers were made to or for the benefit of Cross River who was a creditor of

the Debtor as contemplated by 11 U.S.C. § 547(b)(1).

16.     Said transfers were made for or on account of an antecedent debt owed by the Debtor

to Cross River before such transfer was made as contemplated by 11 U.S.C. § 547(b)(2).

17.     Said transfers were made while the Debtor was insolvent as contemplated by 11

U.S.C. § 547(b)(3).

18.     The Trustee is entitled to the presumption of insolvency for and in connection with

said transfer pursuant to 11 U.S.C. § 547(f) of the Bankruptcy Code.

19.     Said transfers were made on or within 90 days before the date of the filing of the Debtor's bankruptcy petition herein as contemplated by 11 U.S.C. § 547(b)(4)(A).

20.     Said transfers enabled Cross River to receive more than Cross River would receive if, the case were a case under Chapter 7 of the Bankruptcy Code, the transfers had not been made and Affirm received payment of such debt to the extent provided by the provisions of the Bankruptcy Code as contemplated by 11 U.S.C. § 547(b)(5).

21.     Cross River was the initial transferee of the above-mentioned transfers or the immediate or mediate transferee of such initial transfer or the person for whose benefit the transfers were made.

WHEREFORE, Trustee Bernard J. Natale respectfully prays as follows:

A.     That this Court enter an Order avoiding the transfers under 11 U.S.C. § 547(b) of the Bankruptcy Code;

B.     For such other and further relief as the Court deems just and equitable.

**FOURTH CLAIM FOR RELIEF**
**CROSS RIVER BANK**
**Recovery of Avoided Transfer – 11 U.S.C. § 550**

1-21.   The Trustee hereby incorporates all of the previous allegations of the Third Claim for Relief as though fully set forth herein.

22.     Cross River was the initial transferee of the transfers referenced in the preceding count of the within complaint.

23.     Alternatively, Cross River was the entity for whose benefit such transfers were made as contemplated by 11 U.S.C. § 550(a)(1).

24.     Alternatively, Cross River was an immediate or mediate transferee of the above-mentioned transfers as contemplated by 11 U.S.C. § 550(a)(2).

25.     Pursuant to the provisions of 11 U.S.C. § 550(a), the Trustee may recover for the benefit of the bankruptcy estate the property transferred or, if the Court so orders, the value of such property from the Defendant.

WHEREFORE, Trustee Bernard J. Natale respectfully prays as follows:

A.      That this Court enter an Order against Cross River Bank declaring that the bankruptcy Trustee may recover the above-mentioned transfers as avoidable transfers from the Debtor;

B.      That this Court enter an Order requiring the Defendant Cross River Bank to transfer to the Trustee the above-mentioned transfers;

C.      That, alternatively, this Court enter a monetary judgment against Cross River Bank the precise amount to be proved at trial;

D.      For such other and further relief as the Court deems just and equitable.

BERNARD J. NATALE, Trustee

YALDEN, OLSEN & WILLETTE

BY:_____
            Craig A. Willette

Craig A. Willette - 3021211
Yalden, Olsen & Willette
1318 East State Street, Rockford, IL  61104
(815) 965-8635 | craigwillette@comcast.net

Complaint.wpd

**Consumer Finance**
**Company Overview of Affirm, Inc.**

August 10, 2018 3:40 PM ET

| Snapshot | People |
|---|---|

**Company Overview**

Affirm, Inc. provides Buy with Affirm, a closed-end installment loan product through a platform. The company's product allows users to buy goods or services offered by online merchants and pay off those purchase in fixed monthly payments. Its users can select Affirm as their payment method at checkout, fill out fields for real-time decision, chose the payment plan that fits their budget, and process their order. Affirm, Inc. was incorporated in 2012 and is based in San Francisco, California.

633 Folsom Street
7th Floor
San Francisco, CA 94107
United States

Founded in **2012**

Phone: 650-269-8523
**www.affirm.com**

**Key Executives For Affirm, Inc.**

**Mr. Max Roth Levchin**
Founder and Chief Executive Officer
Age: 42

**Manuel Alvarez**
Chief Compliance Officer and General Counsel

**Mr. Carl Gish**
Chief Marketing Officer

Compensation as of Fiscal Year 2018.

---

**Affirm, Inc. Key Developments**

**Affirm Presents at LendIt Fintech Conference, Apr-09-2018 12:30 PM**

Apr 6 18

Affirm Presents at LendIt Fintech Conference, Apr-09-2018 12:30 PM. Venue: Moscone Center, San Francisco, California, United States. Speakers: Zara Ivanova.

**Affirm, Inc. Presents at Digital Travel US 2018, Apr-30-2018 11:30 AM**

Mar 14 18

Affirm, Inc. Presents at Digital Travel US 2018, Apr-30-2018 11:30 AM. Venue: Green Valley Ranch, Las Vegas, Nevada, United States. Speakers: Sara Wyman, Senior Director, New Markets.

**Affirm, Inc. Presents at LendIt Fintech Conference, Apr-09-2018 09:50 AM**

Feb 28 18

Affirm, Inc. Presents at LendIt Fintech Conference, Apr-09-2018 09:50 AM. Venue: Moscone Center, San Francisco, California, United States. Speakers: Max Roth Levchin, Founder and Chief Executive Officer.

---

**Similar Private Companies By Industry**

| Company Name | Region |
|---|---|
| 1031 Corp. | United States |
| 1800Pay, Inc. | United States |
| 1st Franklin Financial Corporation | United States |
| 2011-SIP-2 Venture, LLC | United States |
| 2262011 Ontario-Delaware Inc. | United States |

**Recent Private Companies Transactions**

| Type Date | Target |
|---|---|
| Private Placement December 11, 2017 | -- |

**Request Profile Update**

\

**Exhibit A**

Case 18-96029    Doc 1    Filed 09/19/18    Entered 09/19/18 15:37:30    Desc Main
Document        Page 10 of 14

/ffirm                                                        SIGN IN

# FAQs

Exhibit B

7/26/2018, 2:31 PM

## About Affirm

> How do I sign up for Affirm?

> What is required to have an Affirm account?

> Are there any interest or fees associated with Affirm loans?

> What are my payment options?

> Do I have a credit limit with Affirm?

> Does Affirm perform a credit check?

> Does Affirm report to credit bureaus?

∨ What is Cross River Bank and how is it related to Affirm?

Cross River Bank is a New Jersey State Chartered Commercial Bank, Member FDIC, and is the lender for all Affirm loans.

> Is my personal information secure with Affirm?

## Buy with Affirm

> How do I use Buy With Affirm?

> Where can I use Buy With Affirm?

> Why was I prompted for a down payment?

> Why was I prompted to link my checking account?

> Why was my purchase with Affirm not approved?

> What is the status of my purchase?

> Why is my loan still being processed?

> How do I cancel a transaction after placing an order, but before receiving the item(s)?

Case 18-96029   Doc 1   Filed 09/19/18   Entered 09/19/18 15:37:30   Desc Main
Document     Page 12 of 14



## Can't find what you're looking for?

We have a dedicated team ready to answer your questions and help out however we can.

**CONTACT US**

| FOR CONSUMERS | BUSINESS | AFFIRM | HELP |
|---|---|---|---|
| Buy with Affirm | Partners | Careers | Terms |
| Travel with Affirm | Blog | Press | Privacy |
| FAQs | Company | | Contact us |
| | Resources | | |
| | Business Hub | | |



**AFFIRM FOR BUSINESS**

Affirm loans are made by Cross River Bank, a New Jersey State Chartered Commercial Bank, Member FDIC.

8/14/2018                                                                                       Affirm



John  ⊗

LOANS

# Northridge4x4

Loan ID

███████

| PAID | REMAINING |
|------|-----------|
| **$14,225.67** | **$0.00** |

🕐 **LOAN TIMELINE**

| | |
|---|---|
| ○ | **-$3,288.55** |
|    Paid: **Nov 23, 2017** | |
|      Visa - *2262 | |
| ○  Processed: **Nov 23, 2017** | Loan terms |
| ○  Paid: **Dec 21, 2017** | **-$1,000.00** |
|      Bank Account *4661 | |
| ○  Paid: **Jan 21, 2018** | **-$963.40** |
|      Bank Account *4661 | |
| ○  Paid: **Feb 23, 2018** | **-$2,000.00** |
|      Bank Account *4661 | |
| ○  Paid: **Mar 7, 2018** | **-$6,973.72** |
|      Bank Account *4661 | |

Hide term definitions

**Exhibit C**

6/14/2018 Print Window

Subject: Awesome, you're all done!

From: affirm-confirmation@affirm.com
To: buck5829@yahoo.com
Date: Thursday, March 15, 2018, 8:00:12 AM CDT

# ∧ffirm



# Congratulations! Last payment received.

Your loan is all squared away, John.

Thanks so much for paying us back on time! It's because of customers like you that we can offer honest loans with no hidden fees.

By the way, did you know you can pay over time **almost anywhere online**? Just download the Affirm app for iPhone or Android to apply!

Oh, and here are some details about your last payment.

## PAYMENT DETAILS

| | |
|---|---|
| Payment amount | **$6,973.72** |
| Payment date | **Mar 7, 2018** |
| Payment method | **Bank Account ***4661** |
| Merchant | **Northridge4x4** |

(You also saved $637.57 on interest by paying early... nice job!)

We hope to see you again!

– The Affirm team

1/2